## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

| | | |
|---|---|---|
| **MILTON KENT JOHNSON,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **VS.** | : | **NO. 5:23-CV-00118-TES-CHW** |
| | : | |
| **LIEUTENANT GREEN, *et al.*,** | : | |
| | : | |
| **Defendants.** | : | |
| ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ | : | |

## ORDER AND RECOMMENDATION

Presently pending before the Court is a Complaint filed by *pro se* Plaintiff Milton Kent Johnson, an inmate currently confined at the Central State Prison in Macon, Georgia (ECF No. 1).   Plaintiff has also filed a motion for leave to proceed *in forma pauperis* (ECF No. 2).   For the following reasons, Plaintiff's motion to proceed *in forma pauperis* is **GRANTED**, but Plaintiff is **ORDERED** to amend or supplement his Complaint to provide additional information about his claims that Defendants have not properly treated his eye condition.   It is **RECOMMENDED** that Plaintiff's remaining claims be **DISMISSED without prejudice.**

### MOTION TO PROCEED IN FORMA PAUPERIS

Plaintiff seeks leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a).   After reviewing Plaintiff's submissions, it appears that Plaintiff is not presently able to pay the cost of commencing this action. Plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) is therefore **GRANTED**.

However, even if a prisoner is allowed to proceed *in forma pauperis*, he must nevertheless pay the full amount of the $350.00 filing fee.   28 U.S.C. § 1915(b)(1).   If the prisoner has sufficient assets, he must pay the filing fee in a lump sum.   If sufficient assets are not in the account, the court must assess an initial partial filing fee based on the assets available.   Despite this requirement, a prisoner may not be prohibited from bringing a civil action because he has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4).   In the event the prisoner has no assets, payment of the partial filing fee prior to filing will be waived.

Plaintiff's submissions also indicate that he is unable to pay an initial partial filing fee.   Accordingly, it is hereby **ORDERED** that his complaint be filed and that he be allowed to proceed without paying an initial partial filing fee.

## I.      Directions to Plaintiff's Custodian

Hereafter, Plaintiff will be required to make monthly payments of 20% of the deposits made to his prisoner account during the preceding month toward the full filing fee.   The clerk of court is **DIRECTED** to send a copy of this Order to the prison where Plaintiff is currently incarcerated.   It is **ORDERED** that the warden of the institution wherein Plaintiff is incarcerated, or the sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this Court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full.   28 U.S.C. § 1915(b)(2).   In accordance with provisions of the Prison Litigation Reform Act ("PLRA"), Plaintiff's custodian is hereby authorized to forward payments from the prisoner's account

to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.   It is **ORDERED** that collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

## II.    Plaintiff's Obligations Upon Release

An individual's release from prison does not excuse his prior noncompliance with the provisions of the PLRA.   Thus, in the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay those installments justified by the income to his prisoner trust account while he was still incarcerated.   The Court hereby authorizes collection from Plaintiff of any balance due on these payments by any means permitted by law in the event Plaintiff is released from custody and fails to remit such payments.   Plaintiff's Complaint may be dismissed if he is able to make payments but fails to do so or if he otherwise fails to comply with the provisions of the PLRA.

## PRELIMINARY SCREENING

## I.    Standard of Review

In accordance with the PLRA, the district courts are obligated to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee.   *See* 28 U.S.C. § 1915A(a).   Screening is also required under 28 U.S.C. § 1915(e) when the plaintiff is proceeding IFP.   Both statutes apply in this case, and the standard of review is the same.   When conducting preliminary

screening, the Court must accept all factual allegations in the complaint as true. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006) *abrogated in part on other grounds by Wilkins v. Gaddy*, 559 U.S. 34 (2010); *Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003). *Pro se* pleadings, like the one in this case, are "held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Id.* (internal quotation marks omitted). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (internal quotation marks omitted). The Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id.* (internal quotation marks omitted). A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "merely create[] a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555 (first alteration in original). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556

U.S. at 678.

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law.   *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal.   *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

## II.    Factual Allegations

Plaintiff's claims appear to arise from his incarceration at the Central State Prison in Macon, Georgia.   *See* Compl. 3, ECF No. 1.   According to the Complaint, Plaintiff suffers from glaucoma, which caused him to lose vision in his left eye while he was housed at the Wilcox State Prison.   *Id.* at 5.   Plaintiff apparently filed a grievance against prison officials at Wilcox regarding his medical treatment, but Plaintiff was subsequently transferred to Rutledge State Prison in Columbus, Georgia.   *Id.*   When Plaintiff arrived at Rutledge, an eye doctor there determined that Plaintiff would be a "safety hazard" because of his decreased vision, and Plaintiff was transferred to the "Central State Prison ADA Program for Disable[d] Offenders" on April 11, 2019.   *Id.*

Since Plaintiff has been housed at Central State Prison, his glaucoma has gotten worse.   Compl. 5, ECF No. 1.   Plaintiff contends that an eye doctor there told him "that the glaucoma is eating up the tissue in the back of [his] eye, just like it did in [Plaintiff's] left eye."   *Id.*   Despite this diagnosis, Plaintiff claims that staff at Central State Prison

"refuse to have [him] seen by a glaucoma specialist," and Plaintiff is about to "go blind totally." *Id.*   Plaintiff thus alleges that Defendants' action and inaction with respect to his glaucoma has violated his constitutional rights, and as a result he primarily seeks monetary damages. *Id.* at 6.

Plaintiff has also attached several dozen additional pages to his Complaint.   These pages set forth various other claims concerning Plaintiff's treatment in prison in 2022.   In these documents—which largely appear to be copies of grievances or letters to prison officials—Plaintiff primarily contends that prison officials have been harassing him, retaliating against him, and refusing to provide him the proper meals for a diabetic. *See, e.g.,* Attachs. 1-15 to Compl., ECF Nos. 1-1 through 1-15.   He also alleges that he has been having difficulties with the prison mail system and grievance system, *see, e.g.,* Attach. 16 to Compl., ECF No. 1-16, and that his food was contaminated with insects, Attach. 18 to Compl. 4, ECF No. 1-18.   It is unclear whether Plaintiff is attempting to raise claims based on these documents in this action.

### III.   Plaintiff's Claims

#### A.   Medical Treatment Claims

A prisoner who demonstrates that a prison official was deliberately indifferent to his serious medical needs can state a constitutional claim. *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003).   "To show that a prison official acted with deliberate indifference to serious medical needs, a plaintiff must satisfy both an objective and a subjective inquiry." *Farrow*, 320 F.3d at 1243.   A plaintiff must first "set forth evidence of an objectively serious medical need" and must also "prove that the prison official acted with

an attitude of 'deliberate indifference' to that serious medical need." *Id.*   In other words, prison officials must both "know of and then disregard an excessive risk to the prisoner." *Dunn v. Martin*, 178 F. App'x 876, 877 (11th Cir. 2006) (per curiam).

In this case, Plaintiff has alleged facts sufficient to show that he has a serious medical need with respect to his eyesight.   He has failed, however, to allege facts sufficient to show which named Defendants knew of this need and failed to act.   Although Plaintiff contends he filed grievances and complained to various unnamed prison officials about his condition, he does not clearly allege that he made those complaints to any of the prison officials named as Defendants in this action.   The Court therefore cannot conclude that any named Defendant acted with deliberate indifference to Plaintiff's serious medical needs.   *See, e.g., Douglas v. Yates*, 535 F.3d 1316, 1321-22 (11th Cir. 2008) (dismissal of defendants appropriate where plaintiff failed to allege facts associating defendants with a particular constitutional violation).

In addition, to the extent Plaintiff is seeking to sue any of the Defendants in their supervisory capacity in this case, it is well-settled in the Eleventh Circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability.   *See, e.g., Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003).   Rather, supervisors can only be held liable under § 1983 if they personally participated in unconstitutional conduct or if there is a causal connection between their actions and the alleged constitutional violation.   *See, e.g., Hendrix v. Tucker*, 535 F. App'x 803, 805 (11th Cir. 2013) (per curiam).   A causal connection can be established if

> (1) a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation and he fail[ed] to do so; (2) the supervisor's improper custom or policy le[d] to deliberate indifference to constitutional rights; or (3) facts support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so.

*Id.*   Plaintiff has failed to allege sufficient facts to show that any of the Defendants named in this action should be held responsible in their supervisory capacity for the acts of other prison officials.

If Plaintiff wishes to pursue his claims that he is not receiving proper medical care for his eye condition, then he is **ORDERED** to amend or supplement his Complaint by including additional factual information about his claims.   When providing this information, Plaintiff should list each individual or entity he intends to sue in this action on a sheet of paper.   Beside each name, Plaintiff should clearly explain (1) when Plaintiff notified that particular individual of his condition or symptoms; (2) what information Plaintiff told that individual about his condition or symptoms; (3) how that individual responded to Plaintiff's request for treatment or other assistance; and (4) when that individual responded.   Plaintiff should also ensure that the case number for this case appears on his amendment/supplement.   Plaintiff's supplement shall be limited to **TEN (10) PAGES.**

To survive preliminary review, Plaintiff must allege facts creating "a reasonable expectation" that discovery will reveal evidence to prove his claims.   *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).   "Threadbare recitals of the elements of a cause of action supported by mere conclusory statements do not suffice."   *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 663 (2009).   **The Court will only look at Plaintiff's original six-page Complaint form—excluding any exhibits—and his supplement to determine whether Plaintiff has stated an actionable claim in this case.**   Because the Court will not look back at any other attachment or exhibit Plaintiff has filed to determine whether Plaintiff has stated a claim, Plaintiff should ensure that any allegation he wishes the Court to consider in this action is made in his original Complaint and his supplement.   Plaintiff shall have **FOURTEEN (14) DAYS** from the date of this Order to amend or supplement his Complaint as described herein.

## B. Remaining Claims

As noted above, Plaintiff also complains that he was subjected to harassment and retaliation and that he was not provided with proper meals or snacks, among other things. But a plaintiff may set forth only related claims in a single lawsuit.   A plaintiff may not join unrelated claims and various defendants in his complaint unless the claims arise "out of the same transaction, occurrence, or series of transactions or occurrences *and* if any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20 (emphasis added).   "[A] claim arises out of the same transaction or occurrence if there is a logical relationship between the claims."   *Construction Aggregates, Ltd. v. Forest Commodities Corp.,* 147 F.3d 1334, 1337 n.6 (11th Cir. 1998).   This is particularly important in this case, where Plaintiff is a prisoner and therefore subject to paying the required filing fees in installments.   *See, e.g., George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (holding that "[u]nrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that this 50-claim, 24-defendant suit produced

but also to ensure that prisoners pay the required filing fees").

Plaintiff has failed to show how his claims regarding his eyesight are sufficiently related to his remaining claims to satisfy the requirements of Rule 20. As such, and because the statute of limitations would not appear to bar Plaintiff from refiling these claims if he acts promptly to do so, it is **RECOMMENDED** that these claims be **DISMISSED without prejudice**. *See* Fed. R. Civ. P. 21; *see also DirecTV, Inc. v. Leto*, 467 F.3d 842, 844-45 (3d Cir. 2006) (holding that "district judges have discretion to remedy misjoinders either by severing claims or dismissing them without prejudice").

## CONCLUSION

Based on the foregoing, Plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 2) is **GRANTED**, and Plaintiff is **ORDERED** to amend his Complaint within **FOURTEEN (14) DAYS** of the date of this Order by providing additional detail concerning his claims that Defendants failed to adequately treat his eye condition. It is **RECOMMENDED**, however, that Plaintiff's remaining claims be **DISMISSED without prejudice** for improper joinder. While this action is pending, Plaintiff shall also immediately inform the Court in writing of any change in his mailing address. **Plaintiff's failure to fully and timely comply with this or any other order of the Court could result in the dismissal of his Complaint.** There shall be no service of process until further order.

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these recommendations with the Honorable Tilman E. Self, III, United States District

Judge, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Recommendation.  Any objection is limited in length to **TWENTY (20) PAGES**.  *See* M.D. Ga. L.R. 7.4.  The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections.   Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made.  *See* 11th Cir. R. 3-1.

  **SO ORDERED AND RECOMMENDED**, this 1st day of June, 2023.


        s/ Charles H. Weigle     
        Charles H. Weigle
        United States Magistrate Judge